Robert A. Simon
State Bar No. 18390000
Whitaker Chalk Swindle & Schwartz, PLLC
310 Commerce Street, Suite 3500
Fort Worth, Texas 76102
Telephone: (817) 878-0500
rsimon@whitakerchalk.com
PROPOSED COUNSEL FOR DEBTORS

## IN THE UNITED STATES BANKRUTPCY COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO: 20-43800-elm-11 |
| GL BRANDS, INC., F/K/A FREEDOM LEAF, INC. | § § § | CHAPTER 11 Joint Administration Requested |
| DEBTOR | § | |
| IN RE: | § | CASE NO: 20-43804-11 |
| THE TEXAS WELLNESS CENTER, LLC | § § | CHAPTER 11 Joint Administration Requested |
| DEBTOR | § | |
| IN RE: | § | CASE NO: 20-43806-mxm-11 |
| ECS LABS, LLC. | § § | CHAPTER 11 Joint Administration Requested |
| DEBTOR | § | |
| IN RE: | § | CASE NO: 20-43816-mxm-11 |
| LEAFCEUTICALS, INC. | § § | CHAPTER 11 Joint Administration Requested |
| DEBTOR | § | |
| IN RE: | § | CASE NO: 20-43815-mxm-11 |
| B & B AESTHETICS LABS, LLC | § § | CHAPTER 11 Joint Administration Requested |
| DEBTOR | § | |

**DEBTORS' MOTION FOR JOINT ADMINISTRATION AND FOR TRANSFER OF RELATED CHAPTER 11 CASES INTO COURT WITH EARLIEST FILED CASE - PAGE 1 OF 9**
492130

## DEBTORS' JOINT MOTION FOR ORDER GRANTING: (1) JOINT ADMINISTRATION OF CHAPTER 11 CASES AND (2) TRANSER OF RELATED CHAPTER 11 CASE <u>TO COURT WITH EARLIEST FILED CASE</u>

**TO THE HONORABLE EDWARD LEE MORRIS,**
**UNITED STATES BANKRUPTCY JUDGE:**

GL Brands, Inc., f/k/a Freedom Leaf ("GL Brands"), The Texas Wellness Center, LLC ("TWC"), ECS Labs, LLC ("ECS"), Leafceuticals, Inc. ("LFC"), and B & B Aesthetics Labs, LLC ("B & B"), Debtors in Possession (collectively the "Debtors") move this court pursuant to Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1 for an order authorizing and directing the joint administration of the Debtors' Chapter 11 bankruptcy cases for procedural purposes only. Debtors are not moving for substantive consolidation. The Debtors further move the Court to transfer the Chapter 11 cases of TWC, ECS, LFC, and B & B, to the court with earliest filed case, which is *GL Brands, Inc.*, Case No. 20-43800-11-elm, before Judge Morris. In support, Debtors respectfully represent:

### I.

### JURISDICTION AND VENUE

1.     This Court has jurisdiction over these cases pursuant to 28 U.S.C. §§ 157 and 1334. Each matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A). Each matter is within the core competence of the Bankruptcy Court. There are no state law issues. Venue of these cases in this Court is proper pursuant to 28 U.S.C § 1408(1).

## II.

## BACKGROUND

A. **Identity of Debtors**

2. Debtor, GL Brands, filed a voluntary petition for bankruptcy relief under 11 U.S.C. §1101 *et seq.* in this Court on December 17, 2020. On the following day, December 18, 2020, the other (4) Debtors filed their cases. The Debtors' bankruptcy case numbers are as follows: (1) *GL Brands*, 20-43800-elm-11; (2) *TWC*, 20-43804-11; (3) *ECS,* 20-43806-11; (4) *LFCs*, 20-43816-mxm-11; and (5) *B & B*, 20-43815-11. The Debtors remain in possession of their property, and they are managing their business affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108. Of the five (5) Debtors, GL Brands has the earliest filed case and is pending before Judge Morris.

3. The Debtors are separate legal entities, but together they operate a single business enterprise. The lead Debtor, GL Brands, is a Nevada corporation, based in North Texas. Due to COVID-19, the Debtors' officers currently manage the Debtors from home. The Debtors' Chief Executive Offer, Carlos Frias, Vice-President of Finance, Alexandro Frias, and the Chief Financial Officer, Brian Moon live in Tarrant County, Texas. The Debtors' mailing address is P.O. Box 470458, 3101 West 6th Street, Fort Worth, Texas 76147-9998.

4. GL Brands is a public company, traded over the counter. GL Brands, directly owns 100% of LFC and ECS Labs. ECS owns 100% of TWC and B &B Aesthetics. The Debtors sell hemp oil and CBD oil products, through third-party retail distributions in the United States and Mexico and through two (2) company owned websites. The products are sold under the brand

names Green Lotus Hemp and Irie CBD. Some of the products may be taken internally as gummies or liquids. Other products are creams or lotions rubbed into the skin. The Debtors' products are fully legal under applicable state and federal law as the THC content is less than 0.3% by dry weight. The Debtors' products have a soothing, relaxing, and pain reducing effect, but they are not mind altering. The Debtors products are not mind altering.

**B.  Reasons for Filing**

5. The bankruptcy filings were caused by an overleveraged, upside down capital structure and operating losses. Prior to COVID-19 pandemic, the Debtors' sales generated sufficient cash to support operations. COVID-19 restrictions and customers' fear of shopping in public have diminished the Debtors' sales through brick and mortar stores and sharply reduced cash flow. The Debtors are running short of cash. The Debtors' pre-existing secured creditor, Merida Capital Partners III, LLC ("Merida"), has agreed to lend additional funds to the Debtors' without the protection typically afforded to DIP lenders. Regardless of short-term cash flow, the Debtors' debt burden is not sustainable and requires restructuring and de-leveraging. The Debtors filed this case for the purpose of shedding excess debt that cannot be repaid and converting that debt to equity.

6. The Debtors believe that they are operating in a growing market and that the Debtors' products are well positioned to compete. Accordingly, the Debtors are optimistic that a Chapter 11 reorganization will succeed.

**C.  Reason for Joint Administration and Transfer**

7. Chapter 11 cases are expensive to operate because of the high burden of administrative costs. Some of these costs are unavoidable, but they can be minimized by allowing

the cases of related entities to be jointly administered. Such joint administration allows use of a combined service list, combined notices, uniform deadlines, and streamlined and combined operating reports. Joint administration also reduces the burdens on the Bankruptcy Clerk. The Debtors' cases were randomly assigned to courts upon filing and did not all land in the same court. The lead case of *GL Brands* (earliest filed) was assigned randomly to Judge Morris. The Debtors do not yet know what Judges will receive the other four cases. However, for ease of administration and scheduling, it also makes administrative sense for all the cases not initially assigned to Judge Morris to be transferred Judge Morris's court, where the earliest filed case landed. Thus, any cases not assigned to Judge Morris's court should be transferred to Judge Morris's court for joint administration with the earlier filed GL Brands case.

### III.

### RELIEF REQUESTED

8. By this motion, the Debtors request: (1) an order directing the joint administration of their Chapter 11 bankruptcy cases under Bankruptcy Rule 1015(b) and Local Bankruptcy Rule 1015-1 and consolidation of these cases solely for procedural purposes; and (2) the transfer of *TWC, ECS, LFC,* and *B & B* cases to Judge Morris's court for joint administration with the *GL Brands* case, Case No. 20-43800-elm-11.

9. Debtors also request that the caption of their Chapter 11 cases be modified to reflect the joint administration of these cases substantially as follows:

| IN RE: | § | |
| --- | --- | --- |
| | § | CASE NO: 20-43800-elm-11 |
| GL BRANDS, INC., F/K/A | § | |

| | | |
|---|---|---|
| FREEDOM LEAF, INC. *et al.*[1] | § | CHAPTER 11 |
| Debtors. | § | (Joint Administered) |

The Debtors request that the Court authorize and direct that a notation be entered in the docket for each of the Debtors' cases in substantially the same form as follows to reflect that the cases are being jointly administered.

> An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the Chapter 11 cases listed below. The dockets in case number 20-43800-elm-11 should be consulted for all matters affecting this case. The following Chapter 11 cases are jointly administered pursuant to the Joint Administration Order:
>
> *In re GL Brands, Inc., f/k/a Freedom Leaf, Inc.* Case No. 20-43800-elm-11
> *In re Texas Wellness Center, LLC.*, Case No. 20-43804-elm-11
> *In re ECS Labs, LLC*, Case No. 20-43806-elm-11
> *In re Leafceuticals, Inc.*, Case No. 20-43816-elm-11
> *In re B & B Aesthetics, LLC*, Case No. 20-43815-elm-11

The Debtors request that all pleadings and notices in the Debtors' cases be filed and docketed in the *GL Brands* case and that such pleadings be effective in all cases. The Debtors request that the Court authorize that a consolidated service list be used for the jointly administered cases and that combined notices be sent to creditors of the Debtors' estates.

10.     Finally, to allow for effective joint administration, the Debtors request that the Court consolidate other four (4) Debtors cases (unless already assigned to Judge Morris) in Judge Morris's court for joint administration with the earlier filed *GL Brands* case.

---

[1] The Debtors are *GL Brands, Inc.*, Case No.20-43800; *The Texas Wellness Center, LLC*, Case No.20-43804; *ECS Labs, LLC*, Case No. 20-43806; *Leafceuticals, Inc.*, Case No. 20-43816, and *B & B Aesthetics Labs, LLC*, Case No. 20-43815. All pleading and notices affecting any of the Debtors should be filed in the *GL Brands* case.

**DEBTORS' MOTION FOR JOINT ADMINISTRATION AND FOR TRANSFER OF RELATED CHAPTER 11 CASES INTO COURT WITH EARLIEST FILED CASE - PAGE 6 OF 9**
492130

## IV.

## **BASIS FOR RELIEF**

11. Federal Rule of Bankruptcy Procedure 1015(b) states that a court may order joint administration of bankruptcy cases if two or more petitions are filed in the same court by a debtor and an affiliate or by a husband and a wife. Local Bankruptcy Rule 1015-1(a) provides that "[w]hen a case is filed for or against a debtor related to a debtor with a case pending in the Bankruptcy Court, a party in interest may file a motion for joint administration in each case." The Debtors are affiliated entities. GL Brands directly or indirectly owns the other (4) Debtors. The Debtors have a common board of directors. The Debtors operate a single business enterprise. Their financial affairs and business operations are common managed and joint administration will ease the administrative burden on the Bankruptcy Court and the parties.

12. The Debtors anticipate that numerous notices, applications, motions, pleadings, hearings and orders in these cases will affect all of the Debtors and their creditors. Without joint administration, parties in interest and the Debtors would be filing largely duplicative pleadings in each bankruptcy case, which duplicable pleadings would then be served on largely the same service lists. This duplication of photocopying and postage would be wasteful and would unnecessarily increase the burden on the Bankruptcy Clerk.

13. Joint administration, however, will permit the use of a single docket for all of the Debtors and will combine notices to creditors and other parties in interest. Also, joint administration will ensure that all of the parties in interest will be apprised of the various matters before the Bankruptcy Court in all of the cases. No substantive rights will be affected since this motion is seeking that the Debtors' cases be jointly administered for procedural purposes and not

substantively consolidated. Joint administration will benefit the bankruptcy estates generally and ease the burden on the Bankruptcy Court by eliminating the need to enter duplicate orders. It will also simplify oversight by the United States Trustee's office.

14. The Bankruptcy Courts have discretion to transfer cases between Judges within the same Division. Here, Judge Mullin and Judge Morris sit in the same building and share the same Clerk's office. To allow for effective joint administration and for ease of scheduling hearings all five (5) cases should be administered before the same Judge. Traditionally, affiliated bankruptcy cases are transferred into the court where the earliest filed case resides. Here, that is Judge Morris's court. Such transfers happen routinely and do not affect anyone's substantive rights. Accordingly, the later filed cases should be transferred to Judge Morris's court for joint administration with the *GL Brands*.

## V.

## NOTICE

Notice of this motion is being provided to the U.S. Trustee and the Debtors' twenty (20) largest unsecured creditors. This Motion does not affect the substantive rights of any creditor, and if granted, would streamline the administration of the Debtors' estate for the benefit of all parties. While this matter is not an "emergency," it is a significant administrative matter that should be addressed promptly. The Debtor will seek expedited consideration on December 22, 2020. The Debtors will serve a notice of hearing when the matter is set. The Debtors submit that no further notice should be necessary.

## VI.

## CONCLUSION

WHERFORE, PREMISES CONSIDERED, the Debtors respectfully request that the Bankruptcy Court: (1) grant the Motion as filed; (2) authorize joint administration of the Debtors' cases; (2) transfer any cases not assigned to Judge Morris to Judge Morris's court; (4) enter the proposed order substantially in the form submitted by Debtors; and (5) grant the Debtors such other and further relief as this Court deems appropriate.

December 21, 2020

Respectfully submitted,

**WHITAKER CHALK SWINDLE & SCHWARTZ, PLLC**

/s/ Robert A. Simon
Robert A. Simon
State Bar No. 18390000
310 Commerce Street, Suite 3500
Fort Worth, Texas 76102
rsimon@whitakerchalk.com
PROPOSED COUNSEL FOR DEBTORS

## CERTIFICATE OF SERVICE

I hereby certify, on this 21st day of December, 2020, that I served a true and correct copy of the foregoing Motion for Joint Administration and Consolidation into Court with Earliest Filed Case upon all parties registered to receive service via this Court's ECF notification system, on the Debtors' DIP Lender, secured creditor by email, on the twenty (20) largest unsecured creditors by First Class United States Mail, in a properly addressed envelope, postage pre-paid.

/s/ Robert A. Simon
Robert A. Simon